UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EMILIO PADILLA,

                              Plaintiff,

  v.                                                      9:17-CV-1150
                                                               (MAD/TWD)

CORRECTION CARE SOLUTIONS, et. al.,

                              Defendants.

---

APPEARANCES:

EMILIO PADILLA
16000236
Plaintiff, *pro se*
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13020

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

       Pro se plaintiff Emilio Padilla ("Plaintiff") commenced this civil rights action asserting claims arising out of his detention at the Onondaga County Justice Center ("Onondaga County J.C."). Dkt. No. 1 ("Compl."). By Decision and Order filed on November 29, 2017 (Dkt. No. 4) (the "November Order"), this Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See* Dkt. No. 8, *generally*. In light of his pro

1

se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *See id.* at 11. Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 9 ("Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the November Order and it will not be restated in this Decision and Order. *See* Dkt. No. 8 at 2-4. The Court will construe the allegations in the Amended Complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III. NOVEMBER ORDER and SUMMARY OF AMENDED COMPLAINT[1]

In the original Complaint, Plaintiff asserted Fourteenth Amendment claims related to deliberate indifference to his serious medical needs against the County of Onondaga, Onondaga County J.C., "Medical Staff," and CCS Correction Care Solution, and "Pharmaceutical Company." *See* Compl., *generally*. In the November Order, the Court dismissed Plaintiff's claims holding as follows: (1) Plaintiff failed to sufficiently allege a widespread policy or custom related to Onondaga County; (2) all claims against Onondaga C.J. were barred pursuant to the Eleventh Amendment; (3) the "Medical Staff" is not a "person" as required by Section 1983; and (4) claims against CCS and the Pharmaceutical

---

[1] Plaintiff's original complaint included exhibits. Dkt. No. 1-1. Plaintiff incorporated, by reference, the same exhibits attached to the original complaint, but failed to actually attach the exhibits to the Amended Complaint. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *3 (N.D.N.Y. July 15, 2013). To require Plaintiff to file an amended complaint that includes the original exhibits is, "an unnecessary procedural hoop that would waste resources and delay resolution of this action." *Alexander v. U.S.*, No. 13-CV-678, 2013 WL 4014539, at *4 (N.D.Cal. Aug. 5, 2013). Because Plaintiff is a pro se plaintiff, the Court will consider the exhibits and documentation attached to the original Complaint as incorporated by reference in the Amended Complaint.

Company were dismissed for failure to plead that the private parties are state actors. *See* Dkt. No. 8, *generally*.

In the Amended Complaint, Plaintiff adds the following new defendants: Dr. Monika Zirath ("Zirath") and Nurse Practitioner Jasminique Bobb-Diallo ("Bobb-Diallo").[2] *See* Am. Compl. at 1. The Amended Complaint does not contain any claims against Onondaga County, Onondaga C.J., the Medical Staff, or the "Pharmaceutical Company."[3]

Plaintiff alleges that CCS entered into a contract with Onondaga County to provide medical care for pretrial detainees. Am. Compl. at 2. In April 2017, Plaintiff was treated by Zirath, an employee of Correction Care Solution ("CCS") for complaints related to a shoulder injury. *Id.* at 3, 9. Zirath told Plaintiff that an x-ray would be taken "within the next few days," but suspected that Plaintiff suffered from arthritis and prescribed Naproxen/Naprosyn. *Id.* at 3-4. Zirath did not explain the possible side effects of the medication. *Id.* at 4.

In July 2017, Plaintiff noticed that he was rapidly gaining weight. Am. Compl. at 4. On July 23, 2017, Plaintiff requested sick call because his thighs were swollen and his urine was "very dark." *Id.*; Dkt. No. 1-1 at 15. Plaintiff did not receive a response. Am. Compl. at 4. On July 25, 2017, Plaintiff submitted two additional sick call requests for medical attention because his entire body began to swell. *Id.* at 4-5.; Dkt. No. 1-1 at 16-17. Plaintiff did not receive a response. Am. Compl. at 5. On July 26, 2017, Plaintiff submitted another sick call slip. *Id.* at 5; Dkt. No. 18.

On July 31, 2017, Plaintiff requested sick call because he could not urinate, had chest

---

[2] The Clerk of the Court is directed to add these defendants to the docket report for this action.

[3] The Clerk of the Court is directed to dismiss County of Onondaga, Onondaga County J.C., the Medical Staff, and the Pharmaceutical Company as defendants herein.

3

pain, and could not walk. Am. Compl. at 7; Dkt. No. 1-1 at 19. Later that day, Nurse Harrish examined Plaintiff and took his vitals.[4] Am. Compl. at 5. Plaintiff's blood pressure was 150/100. *Id.* Harrish denied Plaintiff's request to go to the hospital and told him to lay down and elevate his feet. *Id.* Later that evening, Plaintiff submitted another sick call slip. *Id.*

Plaintiff was examined by defendant Bobb-Diallo, a CSC employee.[5] Am. Compl. at 5, 9. Plaintiff told Bobb-Diallo that he could not urinate and that he was experiencing chest pains. *Id.* at 8. Bobb-Diallo diagnosed Plaintiff with high blood pressure and provided blood pressure medication and a water pill. *Id.* at 5-6. Bobb-Diallo directed Plaintiff to drink a lot of fluids. *Id.* at 6. As a result, in a few days, Plaintiff gained sixty pounds. Am. Compl. at 6.

A few days later, Plaintiff told Bobb-Diallo that he needed to go to a hospital and she replied, "let the medication work." Am. Compl. at 6. At the time, the nurse was aware that there was protein in Plaintiff's urine and she observed the swelling in his ankles, legs, and feet. *Id.* at 5, 8. Plaintiff was directed to return to his cell. *Id.* at 6, 7.

On August 1, 2017, at 3:00 a.m. Plaintiff was examined by a nurse and, at 8:00 a.m., he was rushed to St. Joseph's Hospital. Am. Compl. at 8. At the hospital, Plaintiff was diagnosed with protein in his urine, heart failure, and acute kidney failure. *Id.*; Dkt. No. 1-1 at 1. On August 8, 2017, Plaintiff was discharged from the hospital and advised to stop taking Naprosyn. Dkt. No. 1-1 at 2.

Construed liberally, the Amended Complaint contains Fourteenth Amendment claims against Zirath and Bobb-Diallo and supervisory claims against CCS. *See* Am. Compl.,

---

[4] Harrish is not named as a defendant.

[5] The Amended Complaint does not contain facts related to when this examination occurred.

4

*generally*.  Plaintiff seeks monetary damages.  *See id.* at 10.

**IV.    ANALYSIS**

**A.    Private Actors**

Plaintiff claims that CCS, Zirath, and Bobb-Diallo, employees of CCS, "acted under color of law to deprive plaintiff of his constitutional rights."  *See* Am. Compl. at 3.  The law related to private entities and §1983 actions was discussed in the November Order and will not be restated herein.  *See* Dkt. No. 8 at 9-10.

"[T]he provision of medical care to incarcerated prisoners is a public function, even if private physicians contract with the government to provide those services."  *Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001) (citing *West v. Atkins*, 487 U.S 42, 56 (1988)) ("It is only those physicians authorized by the State to whom the inmate may turn.").  "With regard to doctors who treat prison inmates, the Supreme Court has held that it is 'the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State' in a suit under 42 U.S.C. § 1983."  *Doe v. Torres*, No. 05 CIV. 3388, 2006 WL 290480, at *9 (S.D.N.Y. Feb. 8, 2006) (citing *West*, 487 U.S. at 55-56) ("[A] physician employed by [a state] to provide medical services to state prison inmates . . . act[s] under color of state law for purposes of § 1983 when undertaking his duties in treating [a prisoner's] injury.")).

Here, defendants treated Plaintiff at the jail.  At this juncture, Plaintiff has sufficiently alleged that defendants' were acting under the color of state law for the purposes of Section 1983.  *See Young v. Smith*, No. 07-CV-6312, 2008 WL 4561605, at *4 (W.D.N.Y. Oct. 10, 2008) (denying the defendants' motion to dismiss as that the exact nature of the relationship between the physician and the State would be clarified during discovery); *see also Burgess v.*

5

*County of Rensselaer*, No. 03-CV-0652 (NPM/RFT), 2006 WL 3729750, at *4 (N.D.N.Y. Dec. 18, 2006) (denying summary judgment filed by nurse holding that her employer may be a state actor for purposes of § 1983).  Thus, the Court will proceed to analyze the section 1983 claims against CCS, Zirath, and Bob-Diallo.

**B.     Fourteenth Amendment Claims**

As discussed in the November Order, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) altered the subjective standard for claims of deliberate indifference under the Fourteenth Amendment.  *See* Dkt. No. 8 at 6.  Specifically, to state a claim of deliberate indifference to medical needs under the Fourteenth Amendment, a pretrial detainee can satisfy the subjective element by showing that the defendants "knew, or should have known, that the condition posed an excessive risk to health or safety."  *See id.*  The objective prong of the deliberate indifference claim is the same as a convicted prisoner under the Eighth Amendment.  *See Darnell*, 849 F.3d at 30.  The objective component of a deliberate indifference medical claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted).

**1.     Claims Against Bob-Diallo**

With respect to Bobb-Diallo, Plaintiff claims that she violated his Fourteenth Amendment rights related to medical care for heart failure and acute kidney failure.  *See* Am. Compl. at 8.  At this juncture, plaintiff has adequately plead a serious medical condition to satisfy the objective component of the deliberate indifference analysis.  *See Rivera v. Fed.*

6

*Bureau of Prisons*, No. 08 CIV. 5590, 2009 WL 585828, at *5 (S.D.N.Y. Mar. 5, 2009) (holding that kidney failure is sufficiently serious medical condition for the purposes of a deliberate indifference claim).  Regarding the subjective analysis, Plaintiff contends that Bobb-Diallo was aware that there was protein in his urine, that his legs were swollen, and that he was having chest pains and deliberately ignored a serious risk to his health and safety resulting in his condition worsening.  *See* Am Compl. at 5, 7, 8, 9.  Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's Fourteenth Amendment claims against Bobb-Diallo survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.          **2. Claims Against Zirath**

A different conclusion is reached however, with respect to Zirath.  Plaintiff alleges that he treated with Zirath  on one occasion in April 2017 for complaints of shoulder pain.  *See* Am. Compl. at 3-4, 9.   "A medical need is considered serious if it presents 'a condition of urgency that may result in degeneration or extreme pain.' "  *Linares v. Kudlack*, No. 03-CV-1408 (LEK), 2007 WL 4287700, at *5 (N.D.N.Y. Dec. 4, 2007) (quoting *Chance*, 143 F.3d at 702).  Plaintiff claims that he suffered from a shoulder injury but the Amended Complaint lacks facts related to what his physical or medical condition was or further, that it produced pain.

Even assuming Plaintiff sufficiently pleaded that he suffered from a serious medical need, he has failed to allege that Zirath "knew, or should have known, that the condition

posed an excessive risk to health or safety.  The Fourteenth Amendment claims against Zirath are based upon the assertion that she failed to adequately apprise Plaintiff of the potential side effects of Naproxen/Naprosyn.  The fact that a medication has "side effects, [. . . ], is certainly insufficient to state a deliberate indifference claim inasmuch as most prescription medications have side effects[.]"  *Bryant v. Wright*, No. 09 CIV 2456, 2010 WL 3629443, at *8 (S.D.N.Y. Aug. 31, 2010) *aff'd*, 451 F. App'x 12 (2d Cir. 2011).  "Inadvertent failures to impart medical information, simple lack of due care, and simple negligence do not make out a violation of either the substantive or procedural aspects of the Due Process Clause of the Fourteenth Amendment."  *Lara v. Bloomberg*, No. 04 CV 8690, 2008 WL 123840, at *4 (S.D.N.Y. Jan. 8, 2008) (internal quotation marks and citation omitted) (holding that pretrial detainee failed to satisfy deliberate indifference element of claim of failure to receive medical information because the plaintiff did not allege that the doctors' purported failure to inform Plaintiff of the side effects of his medication were driven by the doctors' desire to require Plaintiff to accept the treatment offered).  Plaintiff's dispute is nothing more than a quarrel with the nature of his treatment.  *See Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed.").  At most, Zirath's actions constitute negligence, which is not actionable in a § 1983 claim.  *See Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir.1991).  Thus, Plaintiff's claims against Zirath are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure state a claim upon which relief may be granted.

**C.     Claims Against CCS**

In *Rojas v. Alexander's Department Store*, Inc., the Second Circuit held, "[p]rivate

8

employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.' " *Garcia v. Armor Health Care Inc.*, No. 16-CV-1996, 2016 WL 3647870, at *3 (E.D.N.Y. July 1, 2016) (quoting *Monell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658, 691 (1978)) (internal quotation marks omitted). "[A] plaintiff can prevail against a municipality [or private company acting under color of state law] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Grafton v. Cty. of Nassau*, No. 15-CV-4564, 2016 WL 8711072, at *9 (E.D.N.Y. July 15, 2016) (citing *Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012)) ("[A] plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights.").

Here, the Amended Complaint lacks any facts suggesting that Bobb-Diallo's conduct was part of a CCS policy or custom. Thus, Plaintiff's claims against CCS are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure state a claim upon which relief may be granted. *See Garcia*, 2016 WL 3647870, at *3.

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 9) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket to include the following defendants: Zirath and Bobb-Diallo; and it is further

9

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Fourteenth Amendment claims against Zirath; and (2) claims against CCS; and it is further

**ORDERED** that the Fourteenth Amendment claims against Bobb-Diallo survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that Zirath and CCS; are **DISMISSED** as defendants herein; and it is further

**ORDERED**, the Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon the remaining defendant. The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the County Attorney of Onondaga County, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by the remaining defendant, or his/her counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by**

**the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall amend the docket report in accordance with this Order; and it is further

**IT IS SO ORDERED.**

Dated: January 22, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge