UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EMILIO PADILLA,

                               **Plaintiff,**

   vs.                                                  9:17-CV-1150
                                                                      (MAD/TWD)

JASMINIQUE BOBB-DIALLO,

                               **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**EMILIO PADILLA**
18-B-0719
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**BARCLAY DAMON LLP**                   **DAVID M. FULVIO, ESQ.**
Barclay Damon Tower                         **JULIE M. CAHILL, ESQ.**
125 East Jefferson Street                   **MATTHEW J. LARKIN, ESQ.**
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, who was at all relevant times an inmate in the custody of the Onondaga County Justice Center, commenced this action pursuant to 42 U.S.C. § 1983, asserting claims arising from his confinement. *See* Dkt. No. 1. Following initial review of the complaint and after receiving leave from the Court, Plaintiff filed his amended complaint on December 13, 2017. *See* Dkt. No. 9. Following the Court's review of Plaintiff's amended complaint, the only claim remaining is his Fourteenth Amendment deliberate indifference claim against Nurse Practitioner Jasminique Bobb-

Diallo ("Defendant") arising from Plaintiff's medical treatment by Defendant in July and August of 2017. *See* Dkt. No. 12 at 2–4, 9–11.

On June 21, 2019, Defendant moved for summary judgment. *See* Dkt. No. 40. In her motion, Defendant contends that Plaintiff's complaint must be dismissed because there is an absence of any genuine issues of material fact as to whether she was deliberately indifferent to Plaintiff's serious medical needs. *See generally* Dkt. No. 40-4.

In a January 13, 2020 Order and Report-Recommendation, Magistrate Judge Thérèse Wiley Dancks recommended that the Court grant Defendant's motion in its entirety and dismiss this action. *See* Dkt. No. 48. Specifically, Magistrate Judge Dancks found that the facts in the record fail to demonstrate that Defendant acted with the requisite deliberate indifference to Plaintiff's serious medical needs. *See id.* at 12–18. Rather, the Order and Report-Recommendation found that Plaintiff's medical needs were reasonably treated and monitored by Defendant, that Plaintiff provided no evidence that his medical condition worsened or that he was subjected to an unreasonable risk of harm at the hands of Defendant, and that Plaintiff failed to demonstrate Defendant acted intentionally or recklessly with regards to Plaintiff's medical needs. *See id.*

Currently before the Court is Magistrate Judge Dancks's Order and Report-Recommendation and Plaintiff's objection thereto.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the Court refers the parties to Magistrate Judge Dancks' January 13, 2020 Order and Report-Recommendation. *See* Dkt. No. 48 at 2–7.

## III. DISCUSSION

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).[1]

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

---

[1] In his "objection" to Magistrate Judge Dancks' January 13, 2020 Order and Report-Recommendation, Plaintiff fails to provide the Court with any guidance as to why he believes that Magistrate Judge Dancks improperly recommended granting Defendant's motion for summary judgment. In a one paragraph document, Plaintiff simply states: "I, Emilio Padilla am making this Motion to file my objection to the Order and Recommendation that was served to me on and Filed Dated 1/13/20. I Emilio Padilla object to the Order and Recommendation." *See* Dkt. No. 49.

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'"

4

from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendant's motion for summary judgment and dismiss this action. No material issue of fact exists as to whether Plaintiff was actually deprived of adequate medical care. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). The undisputed material facts clearly establish that Plaintiff simply disagrees with Defendant over the treatment he received. "Neither differences of opinion regarding appropriate medical care nor a prisoner's mere disagreement with prescribed treatment constitute deliberate indifference." *Thompson v. Racette*, No. 9:11-cv-1372, 2012 WL 12884469, *2 (N.D.N.Y. Aug. 2, 2012) (citing *Goros v. Cent. Office Review Comm.*, No. 9:03-CV-407, 2006 WL 2794415, *7 (N.D.N.Y. Sept. 26, 2006)).

Moreover, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff does not meet the injuries necessary to satisfy the objective prong of the deliberate indifference analysis. *See* Dkt. No. 48 at 13–16. Plaintiff was evaluated by Defendant on July 25, 2017 for his complaints, whereupon she conducted physical and neurological examinations, as well as a urinalysis. *See* Dkt. No. 40-9 at 47–50; Dkt. No. 40-11 at 94–95. She concluded Plaintiff was in

"fair condition," suffered primarily from hypertension, prescribed Plaintiff Lisinopril and Hydrochlorothiazide, scheduled his blood pressure to be monitored for five days, ordered his living conditions modified so that he could sleep on the bottom bunk, and advised him to decrease his salt intake. *See* Dkt. No. 40-9 at 49–50; Dkt. No. 40-13 at 17. On July 28, 2017, Defendant updated Plaintiff's medication regimen after she was advised Plaintiff's condition had not improved, prescribing Clonidine. *See* Dkt. No. 40-12 at 97; Dkt. No. 40-13 at 16, 44. On August 1, 2017, after being informed that Plaintiff's condition was not improving and that he was now complaining of chest pain, Defendant ordered Plaintiff to be immediately transported to the hospital. *See* Dkt. No. 40-13 at 54; Dkt. No. 45-4 at 6–8. An independent medical professional, Dr. Victoria A. Gessner, M.D., concluded that "Plaintiff was appropriately treated at the Justice Center and did not require hospitalization for his condition from July 25, 2017, to August 1, 2017. Plaintiff's symptoms are common in a correctional setting and are routinely corrected without hospital intervention." Dkt. No. 40-3 at ¶ 24.

Furthermore, Plaintiff has failed to produce any evidence that his medical condition worsened or that he was subjected to an unreasonable risk of harm by Defendant. Plaintiff's statements are insufficient and speculative, and do not create a material issue of fact. *See* Dkt. No. 45 at ¶ 28; Dkt. No. 45-3 at 5. As Dr. Gessner stated, Plaintiff "received timely and appropriate medical attention," and Defendant "provided sufficient medical attention to Plaintiff upon learning of his symptoms, by thoroughly examining him and causing him to be regularly monitored in the days that followed, adjusting his treatment as deemed appropriate under the circumstances." Dkt. No. 40-3 at ¶¶ 25, 27, 34.

Moreover, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff has not satisfied the mental element prong of the deliberate indifference standard. *See* Dkt. No.

6

48 at 16–18. The record simply does not support the conclusion that Defendant intentionally deprived Plaintiff of adequate medical care, nor does it support the conclusion that Defendant acted recklessly and knew, or should have known, that her behavior posed an excessive risk to Plaintiff's health. *See id.*; *see also Williams v. Sykes*, No. 9:17-CV-990, 2019 WL 2374116, *2 (N.D.N.Y. May 10, 2019) (internal citations omitted). As stated previously, Plaintiff was regularly monitored by Defendant and he received appropriate medical attention. *See* Dkt. No. 40-3 at ¶¶ 25, 27, 34. There is similarly no evidence that Defendant failed to treat Plaintiff's medical condition for any invalid reason. *See* Dkt. No. 48 at 17.

As Plaintiff's medical records make clear, Plaintiff was seen and treated by Defendant, or under the direction of Defendant, on a regular basis during the time period in question. Plaintiff was never denied appropriate medical treatment; he was simply denied the treatment that he wanted. Based on the foregoing, the Court finds that no reasonable jury could find that Defendant acted with the requisite deliberate indifference. Accordingly, the Court finds that Magistrate Judge Dancks correctly determined that Defendant's motion for summary judgment should be granted as to Plaintiff's deliberate medical indifference claim.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Thérèse Wiley Dancks's January 13, 2020 Order and Report-Recommendation (Dkt. No. 48) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 40) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: March 3, 2020
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge